**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | |
|---|---|
| In re:<br><br>Mawuli K. Nyaku,<br>    Debtor.<br><br>Selene Finance, LP as servicer for U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST,<br>    Movant,<br>      v.<br>Mawuli K. Nyaku,<br>    Debtor/Respondent,<br><br>Margaret Ann Nyaku,<br>    Co-Debtor/Respondent,<br><br>Kenneth E. West,<br>    Trustee/Additional Respondent. | Bankruptcy No. 23-11728-pmm<br><br>Chapter 13 |

**CREDITOR CERTIFICATION OF DEFAULT**

I, SHERRI R. DICKS, Esquire, attorney for Selene Finance, LP as servicer for U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST ("Plaintiff"), certifies as to the following:

1. I am an attorney for Selene Finance, LP as servicer for U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST, and am duly authorized to make this certification.

2. On August 6, 2024, a Stipulation (at Docket Entry No. 68) was filed and on August 7, 2024, an Order Approving the Stipulation (at Docket Entry No. 71) was entered that required the Debtor to make certain payments to Plaintiff to cure specified arrears and maintain future accruing payments.  *see* Composite Exhibit "A".

3.  On May 27, 2025, Plaintiff, through counsel, served Debtor, Debtor's attorney and the Chapter 13 Standing Trustee a Notice of Default setting forth that Debtor was in default of the provisions of the Stipulation.  *see* Exhibit "B".

4.  The May 27, 2025, Notice of Default stated that funds totaling $16,991.88 were required from Debtor in order to cure the default.

5.  The Notice of Default advised that if either the Debtor or the Trustee did not, within fifteen (15) days of the service of the Notice of Default, either cure the default, file an objection stating that no default exists, or file an objection stating any other reason why a relief order ("Order") should not be entered, Plaintiff could submit a Certification of compliance with the notice requirements of the Order and that the Court may grant relief from the automatic stay without further notice to Debtor, and that, if granted such relief, the real property located at 4755 Essex Drive, Doylestown, PA 18902 may be foreclosed upon and sold at Sheriff Sale.

6.  Neither the Debtor) nor the Trustee has cured the default, filed an objection with the Court stating that no default exists, or filed an objection with the Court stating any other reason why an order granting relief from the automatic stay should not be entered.

7.  That in accordance with the terms of the Order Approving Stipulation entered on August

7, 2024, Plaintiff is entitled to relief from the automatic stay as to the real property located

at 4755 Essex Drive, Doylestown, PA 18902.

Date: June 19, 2025

<div style="margin-left:50%">

Robertson, Anschutz, Schneid, Crane &
Partners, PLLC
Attorney for Secured Creditor
13010 Morris Rd, Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7113
By: /s/ Sherri R. Dicks
Sherri R. Dicks, Esquire
PA Bar Number  90600
Email: sdicks@raslg.com

</div>